

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 18, 1962

Honorable Wallace Shropshire
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. WW-1501

Re: Who is liable for the
delinquent ad valorem
taxes upon the real
property in question
under the submitted
facts.

Dear Mr. Shropshire:

You have requested an opinion on the above referenced subject matter and in connection therewith we copy the following from your request:

> "Question: Who is liable for the delinquent State and County taxes for years 1946 and 1947 where an innocent purchaser for value on January 31, 1950 received a tax certificate from the Tax Assessor & Collector, indicating no taxes are due when the population of the County at that time was under 210,000?

> ". . .

> "On January 31, 1950, said original purchaser sold the lot (90 ft. by 107 ft.) to another party who demanded a tax certificate from the Tax Assessor and Collector of Travis County, Texas. A deputy of the office issued a tax certificate showing no tax due, . . ."

State and county real estate taxes are assessed against the owner of the property as of January 1 of each year (Article 7151, V.C.S.).

The taxes are a lien against the real estate in the hands of the owner as of the time of assessment or in the hands of a subsequent purchaser (Article 7320, V.C.S.) unless the collection thereof is barred by the provisions of Article 7258a, V.C.S.

Prior to October 1, 1953, Art. 7258a, Sec. 1, read as follows:

"Sec. 1. On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 population or more according to the last preceding federal census, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same."

Since, as stated by you, Travis County, Texas, had a population of less than 210,000 at the time the tax certificate was issued January 31, 1950, this article had no application to this tax certificate (City of San Angelo vs. Deutsch, 126 Tex. 532, 91 S.W.2d 308 (1936)).

The owner of the property as of January 1 of the years 1946 and 1947 was and still is personally liable for the taxes due the state and county (40 Tex. Jur. 104, Taxation, Sec. 70, and cases cited). However, the lien follows the land and upon foreclosure of the lien it could be sold for the taxes.

The present owner, not having owned the land at the time the taxes accrued for the years 1946 and 1947, is not personally liable for the taxes and no personal judgment could be taken against him (40 Tex. Jur. 254, Taxation, Sec. 185).

You are, therefore, advised that the property involved is subject to the tax lien for the 1946 and 1947 taxes and could be sold to satisfy this lien, although the person who owned the

property at the time the taxes accrued is personally liable and would be liable to the present owner for the amount of taxes, interest, penalty, etc., in the event the present owner pays the taxes, interest, penalty, etc., unless there was an agreement between the parties that the vendee would pay all taxes.

## SUMMARY

Tax certificate provided by Article 7258a does not apply in counties of less than 210,000 population prior to October 1, 1953, and the real estate against which taxes were assessed for the years 1946 and 1947 is subject to the statutory lien for the taxes, interest, and penalty although the owner, as of the time taxes accrued, is also personally liable for the taxes, interest, and penalty.

Very truly yours,

WILL WILSON
Attorney General of Texas

By:

J. H. Broadhurst
Assistant Attorney General

JHB:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Allen
Albert Pruett
Sam Stone
Scranton Jones

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore